# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| DELVONN BATTLE,<br><br>    Movant,<br><br>vs.<br><br>UNITED STATES OF AMERICA. | No. C16-2030-LRR<br>No. CR13-2005-LRR<br><br>ORDER |

This matter appears before the court on the movant's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (civil docket no. 1),[1] filed on April 21, 2016, motion to appoint counsel (civil docket no. 2), filed on May 2, 2016, and motion to amend (civil docket no. 3), filed on July 1, 2016.

The movant raises ineffective assistance of counsel as a basis for seeking relief. Specifically, the movant contends that counsel provided ineffective assistance because counsel did not adequately present his defense, which was based on a third-party's

---

[1] No response from the government is required because the 28 U.S.C. § 2255 motion and file make clear that the movant is not entitled to relief. *See* 28 U.S.C. § 2255; Rule 4(b), Rules Governing Section 2255 Proceedings. Further, because the record is clear, an evidentiary hearing is not necessary. *See* Rule 8, Rules Governing Section 2255 Proceedings; *see also Engelen v. United States*, 68 F.3d 238, 240-41 (8th Cir. 1995) (stating that district court may summarily dismiss a motion brought under 28 U.S.C. § 2255 without an evidentiary hearing "if (1) the . . . allegations, accepted as true, would not entitle the [movant] to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact"); *United States v. Oldham*, 787 F.2d 454, 457 (8th Cir. 1986) (stating that district court is given discretion in determining whether to hold an evidentiary hearing on a motion under 28 U.S.C. § 2255).

possession of the firearm. In support of such contention, the movant claims counsel, among other things, failed to request appropriate jury instructions, conduct an investigation, admit evidence and address motive.

Having considered the record, the court finds that the movant's contentions are frivolous. It cannot be said that counsel provided ineffective assistance. *See Donnell v. United States*, 765 F.3d 817, 820-21 (8th Cir. 2014) (emphasizing that only errors so serious that counsel was not functioning as the counsel guaranteed by the Sixth Amendment are actionable); *Sanders v. Trickey*, 875 F.2d 205, 210 (8th Cir. 1989) (broad latitude to make strategic and tactical choices regarding the appropriate action to take or refrain from taking is afforded when acting in a representative capacity) (citing *Strickland*, 466 U.S. at 694); *see also United States v. Cronic*, 466 U.S. 648, 657 (1984) (stating that counsel is not required to attempt a useless charade). It is apparent that counsel's conduct fell within a wide range of reasonable professional assistance. *See Strickland v. Washington*, 466 U.S. 668, 689 (1984). Considering all the circumstances and refraining from engaging in hindsight or second-guessing counsel's strategic decisions, the court concludes that no violation of the movant's constitutional right to counsel occurred as a result of counsel's zealous representation.

Moreover, the movant's assertions as to what counsel did or failed to do would not have changed the outcome. Stated differently, the movant suffered no prejudice. *See Strickland*, 466 U.S. at 692-94. It is clear that the movant fundamentally misunderstands what constitutes possession of a firearm under federal law. Namely, he does not account for actual possession, constructive possession, joint possession and sole possession. It is also clear that the court correctly instructed the jury and substantial evidence supports the movant's conviction for possession of a firearm as a felon.

In sum, the evidence of record conclusively demonstrates that the movant is not entitled to the relief sought. Specifically, it indicates that the movant's ineffective assistance of counsel claims are without merit, especially considering that counsel

represented the movant in a manner that exceeded constitutional requirements. Given the record, the court finds that the denial of the movant's motion under 28 U.S.C. § 2255 comports with the Constitution, results in no "miscarriage of justice" and is consistent with the "rudimentary demands of fair procedure." *Hill v. United States*, 368 U.S. 424, 428 (1962); *see also United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996) ("Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised for the first time on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." (citing *Poor Thunder v. United States*, 810 F.2d 817, 821 (8th Cir. 1987))). Accordingly, the movant's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (civil docket no. 1) is denied. As for a certificate of appealability, the movant has not made the requisite showing. *See* 28 U.S.C. § 2253(c)(2). Accordingly, a certificate of appealability under 28 U.S.C. § 2253 will not issue. The motion to appoint counsel (civil docket no. 2) is denied as moot, and the motion to amend (civil docket no. 3) is denied as untimely, procedurally defaulted and meritless.

**IT IS SO ORDERED**.

**DATED** this 26th day of September, 2017.

_____
LINDA R. READE, JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA